*589 OPINION.
Phillips:
The testimony discloses that for several years Greever was engaged with others in speculating in wildcat oil territory. In some cases wells were drilled by them but in most instances leases were acquired and held pending the outcome of drilling by others. If this proved unsuccessful the lease would be deemed worthless and no further rentals would be paid thereafter. We are uninformed whether any of these ventures were successful; it is only with those which proved worthless that we have to do here.
The respondent points out that the interests of the petitioners in four of these leases were conveyed to a brother-in-law of Greever and in the fifth to a secretary of one of his associates; also that the consideration paid by them was nominal. On the other hand, Greever testified that these conveyances were made after a conference with a revenue agent who informed him that, since some of the leases had not then expired by their terms, there might be some doubt whether a deductible loss had been sustained while petitioners remained the owners; wherefore, they made these sales in order that there might be no question that they had divested themselves of any interest in these leases.
The uncontradicted evidence shows that in 1920, by drilling in their vicinity, the leases had been demonstrated to be worthless for all practical purposes. While they might be said to have had a highly speculative value, this was no more than nominal and not sufficient in the opinion of Greever to justify him in paying further rentals. While the transfer of property to a relative or business associate for the purpose of establishing a loss may demand a close scrutiny of the circumstances to determine whether such transfer is bona fide or merely colorable, there can be no doubt that when such a sale and transfer is made in good faith, so that the vendor parts with all interest in the property, a transaction takes place which gives rise to a taxable profit or deductible loss. Upon the record made we conclude that the petitioners parted with all their interest in these leases in 1920, and are entitled to the deduction claimed.
Decision will be entered for the -petitioners on 20 days’ notice, wnder Bule 50.